IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICKEY HARVEY,

        Plaintiff,

v.                                          Case No. 21-1218-JWB

VALLEY CENTER UNIFIED
SCHOOL DISTRICT #262,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss and memorandum in support. (Docs. 7, 8.) Plaintiff has failed to respond to the motion and the time for doing so has long passed. For the reasons set forth herein, Defendant's motion is GRANTED.

**I.    Background**

The following facts are taken from the allegations in Plaintiff's Complaint. (Doc. 1.) Plaintiff is employed by Defendant and has brought claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. In its motion, Defendant argues that Plaintiff's Complaint fails to state a claim. Plaintiff has failed to respond to Defendant's motion.

For over a decade, Defendant's negotiated agreement and total compensation package has included a longevity program for teachers who had earned their master's degree and were maxed out on the step-and-track payment scale, which required approximately 20 years of teaching experience to reach. After working an additional 10 years for Defendant, Plaintiff was earning $3,200 per year from the longevity program. However, the longevity program was eliminated for the 2019-2020 school-year contract. This resulted in money being taken away from the oldest,

most experienced, and highest educated teachers who worked for Defendant. Plaintiff estimates that roughly 20% of teachers within the district benefitted from the longevity program.

Following the longevity program being discontinued, Defendant provided all of its teachers with an average pay increase of 5.5%. Despite the pay increase, however, Plaintiff argues that losing the longevity program decreases his annual income and projected retirement earnings. From Plaintiff's perspective, Defendant "could have grandfathered in teachers receiving longevity pay or created a tier system similar to what [the Kansas Public Employees Retirement System] has done, but [Defendant] chose to do neither." (Doc. 1 at 6.) In his own words, Plaintiff's "pay was cut in the midst of plenty." (*Id*.) Plaintiff's requested remedies include $250,000 and any costs and fees involved in litigating this matter.

**II.   Standards**

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III.   Analysis

After reviewing the allegations from the Complaint, the court concludes that Plaintiff has failed to state a claim for disparate treatment under the ADEA. In his Complaint, Plaintiff alleges that Defendant's elimination of the longevity program had a disparate impact on older employees. As argued by Defendant, "Plaintiff's claim of disparate impact based on a bona fide seniority system lacks an adequate basis in law." (Doc. 8 at 4.) The court agrees.

Under the ADEA, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2016). Proceeding under subsection (a)(1) of 29 U.S.C. § 623 requires Plaintiff to allege age discrimination through disparate treatment—not disparate impact. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 236, n.6 (2005). Disparate treatment occurs when an employer treats some people less favorably than others because of their age or other protected characteristic, and it requires proof that the protected trait actually motivated the employer's decisions. *Raytheon v. Hernandez*, 540 U.S. 44, 52 (2003) (citations omitted.) Disparate impact, by contrast, involves employment practices "that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another." *Id*. Moreover, "challenges to the effects of bona fide seniority systems may not be based upon assertions of disparate impact; rather, a plaintiff must prove intentional discrimination and therefore may claim only disparate treatment." *Hiatt v. Union Pac. R. Co*., 65 F.3d 838, 842 (10th Cir. 1995).

Here, the court finds that Plaintiff has failed to allege facts in support of his contention that the elimination of the longevity program discriminated against Plaintiff on the basis of age through

disparate treatment. Plaintiff alleges no facts that would give rise to an inference that Defendant eliminated the longevity program to discriminate against older employees. Plaintiff does not allege details about how Defendant treated him compared to younger employees. Instead, Plaintiff's argument contends that Defendant eliminating the longevity program caused the reduction in Plaintiff's wages, and consequently, fell more harshly on older employees who were benefitting from the seniority system. This falls squarely within the definition of a disparate impact claim. Accordingly, Plaintiff's age discrimination claim is subject to dismissal for failure to state a claim.

## IV. Conclusion

Defendant's motion to dismiss (Doc. 7) is GRANTED. Plaintiff's Complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this 20th day of April, 2022.

     s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE